**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SENECA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>AFNI, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-03319<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, SENECA SMITH ("Plaintiff") by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, AFNI, INC. ("Afni") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for Afni's violations of the violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Afni's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff, Seneca Smith, is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant Afni is an Illinois corporation with its principal place of business located at 404 Brock Drive, Bloomington, Illinois 61701. Defendant transacts business in Illinois and its registered agent in Illinois is Gregory J. Donovan also located at 404 Brock Drive, Bloomington, Illinois 61701.

6. Afni is a creditor, debt collector, and furnisher of credit information.

7. Afni is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed or allegedly owed to a third party.

## AFNI'S INACCURATE AND NEGATIVE REPORTING ON PLAINTIFF'S CREDIT REPORT

8. Since 2015, Plaintiff has been a customer of Comcast Corporation ("Comcast").

9. On or about September 4, 2016 Plaintiff discontinued his Comcast home telephone, internet, and cable services ("subject account"), but maintained his home security account, also serviced by Comcast.

10. Upon cancelling the subject account with Comcast, Plaintiff satisfied the remaining balance on the subject account, returned the Comcast equipment to an authorized Comcast field office, and received confirmation that he no longer had a balance with Comcast with respect to the subject account.

11. Plaintiff understood that he would continue to be billed monthly for the home security service and no other service from Comcast. Plaintiff further understood that he no longer owed any sum of money towards the subject account.

12. In October 2016, Plaintiff received a call from Afni informing Plaintiff that Afni was collecting on behalf of Comcast.

13. Confused by Afni's representations, Plaintiff contacted Comcast to inquire as to the reason behind Afni's call.

14. The Comcast representative with whom Plaintiff spoke apologized and reassured Plaintiff that this was just a misunderstanding and that Comcast would rectify the matter with Afni directly.

15. Comcast even *credited* Plaintiff's account for the inconvenience.

16. Afni failed to send to Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff as required by 15 U.S.C. §1692g.[1]

17. After being alerted to updated information on his Experian credit report on December 21, 2016, Plaintiff was shocked to see that Afni was erroneously reporting an account in collections (since December of 2016) in the amount of $610.00. *See* Exhibit A, a true and correct copy of the December 21, 2016 alert notice.

18. Plaintiff immediately contacted Afni to inquire as to the source of the erroneous reporting on his Experian credit report. Afni advised Plaintiff that the reporting on his Experian credit report was in relation to an account assigned for collection by Comcast.

---

[1] Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing 1.) the amount of the debt, 2.) the name of the creditor to whom the debt is owed, 3.) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, 4.) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and 5.) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g.

19. Angered by Afni's false claims, Plaintiff initiated a three-way telephone call with representatives from both Afni and Comcast to resolve what he believed to be a misunderstanding.

20. During that call, the Comcast representative informed the Afni representative that the reporting was done in error and Plaintiff was further reassured that his account would be corrected.

21. After the dispute with Afni, the account listed as in collections on Plaintiff's Experian report should have at least been reporting that the account was being disputed; Afni made no such representation and continued to report the account as in collections with a balance of $610.00.

22. Afni's false and harmful reporting has had an adverse effect on Plaintiff's Experian credit report since December 2016.

23. On April 20, 2017, after learning that Afni was still reporting false information on his Experian credit report, Plaintiff initiated a *second* three-way call with Afni and Comcast during which an Afni representative advised Plaintiff that the account for which Afni reported on Plaintiff's Experian credit report on behalf of Comcast was in fact being referred back to Comcast.

24. Concerned about the negative impact to his credit and the violations of his rights and protections afforded by the FDCPA, Plaintiff sought the assistance of counsel to ensure that Afni's collection efforts and erroneous credit reporting cease.

25. Plaintiff has expended time and expenses consulting with his attorneys as a result of Afni's deceptive collection actions.

26. Plaintiff was unduly inconvenienced by Afni's unlawful attempts to collect a debt that was never owed.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (PLAINTIFF AGAINST AFNI)

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Afni qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

30. Afni violated 15 U.S.C. §§1692 e(2), e(8), e(10), f, and g through its debt collection efforts on a debt that was never incurred or owed by Plaintiff.

**a. Violation of FDCPA §1692e**

31. Afni violated §1692e(2) by falsely representing or attempting to confuse Plaintiff that the debt was collectible when in fact it was not collectible because Plaintiff never owed this debt.

32. Afni violated §1692e(8) by communicating false credit information to Experian, listing the debt as in collections, stating that the debt was originally incurred with Comcast, and listing a balance in the amount of $610.00.

33. Afni violated §1692e(10) by engaging in deceptive conduct as the debt was not collectible or owed at the time the false credit information was reported by Afni.

**b. Violation of FDCPA §1692f**

34. Afni violated §1692f by employing unfair and unconscionable means to collect a debt Plaintiff never incurred and did not owe at the time Afni reported the account as in collections on Plaintiff's Experian credit report.

**c. Violation of FDCPA §1692g**

35. Afni violated §1692g by failing to send Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff in October 2016.

36. Afni attempted to coerce and induce Plaintiff into paying a debt that was not legally collectible or owed.

37. As an experienced creditor and debt collector, Afni knew or should have known the ramifications of collecting on a debt that was never incurred.

38. Afni knew or should have known that the debt was not owed.

WHEREFORE, Plaintiff SENECA SMITH requests that this Honorable Court:

**a.** Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

**b.** Award Plaintiff statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

**c.** Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

**d.** Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT (PLAINTIFF AGAINST AFNI)

39. Plaintiff restates and reallages paragraphs 1 through 26 as through fully set forth herein.

40. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

41. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

**a. Unfairness**

42. Afni was engaged in "commerce" in the State of Illinois with regard to Plaintiff and the alleged debt as defined by ICFA, 815 ILCS 505/1(f). Afni specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

43. Afni's credit reporting regarding the alleged debt, which was never incurred by Plaintiff, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time Afni reported the inaccurate information to Experian.

44. It was unfair for Afni to seek to collect a debt that Plaintiff never incurred through misleading, inaccurate, and negative reporting on Plaintiff's credit report.

45. Afni's reporting of a debt that Plaintiff did not owe is an unfair attempt to induce Plaintiff to pay the debt rather than go through the process of disputing the debt and contesting the inaccurate credit reporting. During this process, Plaintiff's credit report would continue to be inaccurate, painting an unfavorable picture of Plaintiff's creditworthiness to potential creditors.

46. It was unfair for Afni to mislead Plaintiff into believing that he must pay a sum of $610.00 to satisfy a debt he never owed.

47. Afni intended that Plaintiff rely on its unfair acts.

48. Plaintiff relied upon Afni's false and misleading information by seeking clarification from Afni as to the validity of the debt.

49. Plaintiff also relied upon Afni's false and misleading information, forcing him to spend time contacting Comcast regarding the false debt and consulting with his attorneys regarding Afni's blunder.

50. An award of punitive damages is appropriate because Afni's conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff's rights and the rights of consumers, generally.

WHEREFORE, Plaintiff SENECA SMITH requests that this Honorable Court:

**a.** Enter judgment in his favor and against Afni;

**b.** Award Plaintiff damages in an amount to be determined at trial;

**c.** Award Plaintiff punitive damages in an amount to be determined at trial;

**d.** Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

**e.** Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

**Dated:** May 2, 2017

**Respectfully Submitted,**

/s/ Omar T. Sulaiman

Omar T. Sulaiman, Esq. (ARDC#:6322837)
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
osulaiman@sulaimanlaw.com